IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM F. TAYLOR, an individual,

    Plaintiff,

v.                                                                Civ. No. 04-0328 RLP/RHS

UNITED STATES OF AMERICA and
its agents, THE DEPARTMENT OF THE
INTERIOR and NATIONAL PARK SERVICE,

    Defendant(s).

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Dismiss based on lack of subject matter jurisdiction, or for failure to state a claim, filed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) [Doc. 5]. The Motion is filed in lieu of an answer. Plaintiff owned two undeveloped parcels of land within the Petroglyph National Monument area. He sold one parcel to the Government and retains one parcel. Both parcels contain covenants stating that the purchaser will be assessed in the future the costs of installing electrical and telephone utilities. Complaint [Doc. 1], ¶¶ 26-29. Plaintiff's Complaint alleges violations of P.L. 101-313, the Anti-Deficiency Act, 31 U.S.C. §§ 1301, 1341 & 1502, the "Uniform Standards of Professional Appraisal Practice,"[1] and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. For the reasons set forth below, Defendant's Motion is granted.

---

    [1] According to one author, "[e]very licensed appraiser in the United States is now governed by the Uniform Standards of Professional Appraisal Practice ("USPAP"). Montague, *Preservation Value and the Use of Sales to Government Agencies as Evidence of Value*, SC45 ALI-ABA 81 (1998).

Public Law 101-313, 104 Stat. 272 is the "Petroglyph National Monument Establishment Act of 1990" (hereafter the "Establishment Act") and is made part of the so-called "Antiquities Act," 16 U.S.C.A. § 431. *See id.*, "Miscellaneous National Monuments," at 576. The law authorizes the Secretary of the Interior "to acquire lands and interests therein within the monument boundary by . . . purchase with donated or appropriated funds . . . ." P.L. 101-313, 104 Stat. 273, § 103(a).

Based on the allegations in the Complaint and his Response brief [Doc. 9], he appears to allege the following. The land in question has deed restrictions and restrictive covenants concerning the future payment of the cost of installing utilities. He claims that these covenants made his transfer to the Government void for two reasons: first, because the government may not encumber expenses beyond the current appropriation period the purchase violates the Anti-Deficiency Act; and second, the transaction conveyed less than fee simple title because of the restrictive covenants thereby violating the Establishment Act. He also claims that there was an appraisal violation, but he does not indicate what this violation entailed. Plaintiff then concludes that the Government is violating his rights by not asserting its power of eminent domain and instituting a condemnation action as to the property which Plaintiff still owns. He claims also a violation of the APA.

"When bringing a lawsuit for violation of statutory law parties must either find language in the statute itself which allows a private right of action, or demonstrate the occurrence of final agency action, which invokes the Court's authority to review the claim under the Administrative Procedures Act." *Utah Assoc. of Counties v. Bush*, 316 F.

Supp.2d 1172, 1194 (D. Utah 2004).

There is no private cause of action under the Anti-Deficiency Act. *Id.* (citing *Cessna Aircraft Co. v. Dalton*, 126 F.3d 1442, 1451-52 (Fed. Cir. 1997)). Restrictive covenants running with the land, with no reversion or alienation clause, do not impair title to the property in the manner claimed by Plaintiff. *See generally Prieskorn v. Maloof*, 991 P.2d 511 (N.M. Ct. of App. 1999). Guidelines for appraisers to not provide a private cause of action against the Government.

This leaves Plaintiff with the allegation that the Government has violated the APA. A plaintiff is required to "satisfy the 'statutory standing' requirement of the APA." *Colorado Farm Bureau Federation v. United States Forest Service*, 220 F.3d 1171, 1173 (10th Cir. 2000). This requires a showing of "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704.

> Whether federal conduct constitutes final agency action within the meaning of the APA is a legal question. The APA defines "agency action" as an "agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). Plaintiffs have the burden of identifying specific federal conduct and explaining how it is "final agency action" within the meaning of section 551(13). In order to determine if an agency action is final, we look to whether its impact is direct and immediate; whether the action marks the consummation of the agency's decisionmaking process; and whether the action is one by which rights or obligations have been determined, or from which legal consequences will flow.

220 F.3d at 1173-74 (internal case citations and quotation marks omitted).

Generously construing Plaintiff's contentions, he argues that although there has

been no "final agency action" in terms of a ruling or order, the Government has so delayed its condemnation action that it constitutes a "failure to act" within the meaning of the APA. *See* 5 U.S.C. § 706(1) (cause of action to "compel agency action unlawfully withheld or unreasonably delayed").

This provision was recently reviewed by the Court in *Norton v. Southern Utah Wilderness Alliance*, -- U.S. --, 124 S.Ct. 2373 (2004). That case held that agency action can only be compelled when such action is legally required or unlawfully withheld. *Id.* at 2379. "Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Id.* (emphasis by the Court).

As the Government points out,

> Only if a federal official determines a need for an eminent domain taking, and then, only if Congress authorizes it, may a direct condemnation action be filed. "The statute, 40 U.S.C. § 258a, does not require proof of necessity but makes the question of the government's need depend solely on the opinion of the federal officer, in this case, the Solicitor of the Department of the Interior." *Wilson v. United States*, 350 F.2d 901, 906 (10th Cir. 1965).

Reply Brief at 3.

The foregoing indicates that the Government -- defendants National Park Service and the Department of the Interior -- is not required to institute condemnation proceedings and therefore, Plaintiff's APA claim also fails. Accordingly, this court does not have subject matter jurisdiction and Plaintiff's Complaint shall be dismissed with prejudice.

IT IS SO ORDERED.

                                                  Richard L. Puglisi,
                                  United States Magistrate Judge
                                       (sitting by designation)